# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**VICTOR ARIZA,**

        **Plaintiff,**

**v.**                                                   **Case No: 6:23-cv-519-WWB-DCI**

**ART CORE FURNITURE LLC,**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Plaintiff's Motion for Clerk's Default (Doc. 24)
>
> **FILED:** August 31, 2023
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part**.

### I.   Background

On July 13, 2023, the Court issued a notice of hearing on a Motion to Withdraw as Defendant's Counsel by Attorney Aubrey G. Rudd. Doc. 18. The Notice directed a corporate representative of Defendant to appear in person at the hearing. *Id*. Attorney Rudd filed a "Notice of Compliance" and stated that Defendant "was notified verbally and via email" that the hearing was set, and Defendant must appear. Doc. 19. Attorney Rudd also stated that "[t]he Defendant acknowledged the receipt of said notice and advised the undersigned that he is out of the country in Egypt until August 5, 2023, and unable to attend said hearing in person." *Id*.

On July 26, 2023, the Court conducted the hearing with Attorney Rudd and Plaintiff's counsel present. Defendant failed to appear. On the same day, the Court entered an Order granting Attorney Rudd's request to withdraw and directed Attorney Rudd to serve of copy of the Order upon Defendant. Doc. 22 (the July 26, 2023 Order). The Court directed Defendant to show cause why entry of default or other sanctions should not be entered for failure to appear at the hearing. *Id*. The Court also found that Defendant, as a corporate entity, cannot proceed without counsel and directed Defendant to obtain new counsel and for new counsel to file a notice of appearance on behalf of Defendant. *Id*. at 2 (citing Local Rule 2.02(b)). The Court ordered Plaintiff to file a motion for entry of Clerk's default pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 1.10(b) if within the allotted time new counsel did not appear or Defendant failed to show cause why Clerk's entry of default should not be entered. *Id*. at 2-3.

On August 12, 2023, Attorney Rudd filed a Notice of Compliance to certify that Defendant was served via email with the July 26, 2023 Order. Doc. 23. Pending before the Court is Plaintiff's Motion for Entry of Clerk's Default and for Other Sanctions. Doc. 24 (the Motion). Plaintiff seeks a Clerk's entry of default pursuant to Rule 55(a) and attorney fees and costs for preparing for and attending the July 26, 2023 hearing and preparing the Motion. *Id*.

II.   Discussion

With respect to Plaintiff's request that the Court enter a Clerk's default against Defendant, no attorney for Defendant has appeared since Attorney Rudd's withdrawal, and Defendant has not otherwise responded to the Court's July 26, 2023 Order. Rule 55(a) governs the entry of default by the Clerk and states, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Courts within this district and within other districts in the Eleventh Circuit have held the failure of a corporate defendant to obtain

counsel may be construed as a failure to defend within the meaning of Rule 55." *Wyndham Vacation Ownership, Inc. v. Miller*, 2022 WL 18926773, at *2 (M.D. Fla. Apr. 8, 2022) (collecting cases).

Here, Defendant was advised that its counsel sought to withdraw, and the Court granted that request. Defendant has had more than a month to obtain counsel since the Court advised that it must do so. *See* Doc. 26. Defendant has not otherwise responded to the Court's July 26, 2023 Order. On this record, the Court finds that Defendant has not otherwise defended the action and the Clerk must enter default pursuant to Rule 55(a). *See Lehman Brother Holdings Inc. v. Key Financial Corp.*, 2011 WL 3879499, at *1 (M.D. Fla. Aug. 12, 2011) (stating that the court granted the motion for entry of clerk's default after corporate counsel withdrew and defendant failed to obtain new counsel as directed by court order.). As such, Plaintiff's request for a Clerk's entry of default is due to be granted.

However, the request for attorney fees and costs as a sanction is denied as Plaintiff provides no legal basis for such an award.

### III. Conclusion

Based on the foregoing, it is **ORDERED** that:

1. the Motion (Doc. 24) is **GRANTED in part** to the extent that the Clerk is directed to enter default against Defendant; and

2. the remainder of the Motion (Doc. 24) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on September 7, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE