UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VICTOR ARIZA,**

        **Plaintiff,**

**v.**                                                    **Case No: 6:23-cv-519-WWB-DCI**

**ART CORE FURNITURE LLC,**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion for Default Judgment Against Defendant (Doc. 28)** |
| **FILED:** | **October 12, 2023** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff alleges that Defendant, a Florida retail store, violated Title III of the Americans with Disability Act (ADA). Doc. 1 (the Complaint). Pending before the Court is Plaintiff's Motion for Default Judgment Against Defendant brought pursuant to Federal Rule of Civil Procedure 55(b). Doc. 28 (the Motion). While Defendant has not filed a response, the Court finds that the Motion is due to be denied because it is deficient.

### I. Background and Procedural History

Plaintiff initiated this ADA action against Defendant and seeks declaratory and injunctive relief and an award of fees, costs, and expenses. Doc. 1 at 26; Doc. 28-2. Defendant, through

counsel, filed an Answer and Affirmative Defenses to the Complaint. Doc. 16. Defendant's counsel, however, moved to withdraw from the case. Doc. 17. The Court issued a notice on the request to withdraw and directed a corporate representative of Defendant to appear in person at a hearing. *Id*. Defendant's counsel filed a "Notice of Compliance" and stated that Defendant "was notified verbally and via email" that the hearing was set. Doc. 19. Defendant's counsel also stated that "[t]he Defendant acknowledged the receipt of said notice and advised the undersigned that he is out of the country in Egypt until August 5, 2023, and unable to attend said hearing in person." *Id*.

On July 26, 2023, the Court conducted the hearing with Defendant's counsel and Plaintiff's counsel present. Defendant failed to appear. On the same day, the Court entered an Order granting counsel's request to withdraw and directed counsel to serve a copy of the Order upon Defendant. Doc. 22 (the July 26, 2023 Order). In the Order, the Court also directed Defendant to show cause why entry of default or other sanctions should not be entered for failure to appear at the hearing. *Id*. The Court also found that Defendant, as a corporate entity, cannot proceed without counsel and directed Defendant to obtain new counsel and for new counsel to file a notice of appearance on behalf of Defendant. *Id*. at 2 (citing Local Rule 2.02(b)). The Court ordered Plaintiff to file a motion for entry of Clerk's default pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 1.10(b) if within the allotted time new counsel did not appear or Defendant failed to show cause why Clerk's entry of default should not be entered. *Id*. at 2-3. New counsel did not appear, and Defendant did not otherwise show cause.

Plaintiff subsequently filed a Motion for Entry of Clerk's Default and for Other Sanctions. Doc. 24. The Court granted Plaintiff's request for Clerk's entry of Default pursuant to Rule 55(a) but denied the request for attorney fees and costs as a sanction because Plaintiff provided no legal basis for the award. Doc. 25. On September 7, 2023, the Clerk entered default.

Plaintiff now seeks default judgment under Rule 55(b) and an award of $9,112.50 for attorney fees, $459.35 in costs, and $4,275.00 in expert witness expenses. Doc. 28 at 25; Doc. 28-2.

## II.     Standard

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, a clerk enters default. Fed. R. Civ. P. 55(a).

Second, after obtaining a clerk's default, a plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before granting a default judgment, however, a court must confirm it has jurisdiction over the claims, including that the complaint states a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (2); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Anderson v. Blueshore Recovery Sys., LLC*, 2016 WL 1317706, at *2 (M.D. Fla. Feb. 25, 2016), *report and recommendation adopted*, 2016 WL 1305288 (M.D. Fla. Apr. 4, 2016). Well-pleaded allegations of fact are admitted by default. *Id.* If a plaintiff's complaint fails to state a claim, a default judgment cannot stand. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.")). A court must also ensure adequate service of process because a court lacks jurisdiction over a defendant who is not properly served. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).

## III.     Allegations in the Complaint

Plaintiff alleges that he is a resident of Miami-Dade County, Florida and is blind and utilizes screen reader software to communicate with websites. Doc. 1 at 1, 7. Plaintiff alleges that

Defendant owns and operates a retail store—Art Core Furniture—in Orlando, Florida and the store is open to the public. *Id*. at 3.[1]  Plaintiff claims that Defendant's website, https://artcorefurniture.com/orlando-furniture-store, (the Website) has "pervasive" barriers. *Id*. at 4, 7.

Namely, Plaintiff claims that the Website provides the public with information regarding the locale of Art Core Furniture and that the business sells merchandise in the State of Florida. *Id*. at 4. Plaintiff alleges that Defendant sells the merchandise on the Website, "which acts as a critical point of sale for Defendant's merchandise that is also available from, in, and through Defendant's physical store." *Id*.

Plaintiff contends that because the Website allows the public to gather information regarding the physical store location, purchase merchandise also available at the physical store, apply for credit, arrange pick-ups and returns, the Website "has a nexus to, and is an extension of and gateway to, the goods, services, privileges, and advantages of Defendant's physical store, which is a place of public accommodation under the ADA." *Id*. Plaintiff claims that the Website includes barriers such as the mislabeling of "some text" and information in the shopping cart and on certain buttons. *Id*. Plaintiff also complains that the pricing within the shopping cart on the Website is inaccessible. *Id*. at 7.

> In relevant part, Plaintiff alleges that he:
>
> is and has been a customer interested in patronizing, and intends to patronize in the near future once the Website's access barriers are removed or remedied, Defendant's Orlando physical store and to check store hours and merchandise pricing, purchase merchandise, apply online for credit, and arrange in-store pickups and returns of merchandise purchased online. In the alternative, Plaintiff intends to monitor the Website in the near future as a tester to ascertain whether it has been updated to interact properly with screen reader software.

---

[1] Plaintiff alleges that Defendant's business is located at The Florida Mall at 8001 S. Orange Blossom Trail, Suite 1172, Orlando, Florida. Doc. 1 at 3.

*Id*. at 5-6.

So, while Plaintiff mentions his intention to patronize the physical store, Plaintiff does not appear to allege that the physical store has any access barriers. *See* Doc. 1. Instead, the crux of the claim is that the Website's barriers allegedly "prevent free and full use by the blind and visually disabled individuals using keyboards and screen reader software." *Id*. at 7.

### IV. Discussion

#### a. Standing

Even though the Clerk entered default, the Motion brought pursuant to Rule 55(b) is due to be denied because Plaintiff has not sufficiently convinced the Court that he has standing to pursue his claims. Standing "is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (quotation omitted). The Court is required to consider standing *sua sponte* even if the parties have not raised the issue, because the Court must ensure that it has jurisdiction over the case before it rules on the merits of a party's claim. *See AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1360 (11th Cir. 2007) (explaining that a court is required to *sua sponte* consider whether a party has standing to bring the case).

A plaintiff must establish the following elements to have standing: 1) an injury-in-fact; 2) a causal connection between the injury and defendant's conduct; and 3) that it is likely the injury will be redressed by a favorable ruling. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013). A plaintiff seeking prospective injunctive relief pursuant to Title III of the ADA must also plausibly show that the plaintiff will suffer disability discrimination by the defendant in the future. *Id*. This means that the threat of future injury must be a "real and immediate – as opposed to merely conjectural or hypothetical – threat of *future* injury." *Id*.

Here, Plaintiff fails to provide any legal support for his standing to bring this claim. And the Court has concerns regarding redressability and questions whether there is a real and future injury. Where, as here, prospective injunctive relief is sought, the plaintiff must allege facts plausibly showing "a real and immediate threat of future injury." *Houston*, 733 F.3d at 1329. Courts have considered—at least with respect to the alleged barriers in physical locations—a number of nonexclusive factors when analyzing a plaintiff's intent to return and likelihood of suffering future discrimination, including: 1) the proximity of the defendant's business to the plaintiff's residence; 2) the plaintiff's past patronage of the defendant's business; 3) the definiteness of the plaintiff's plan to return; and 4) the frequency of the plaintiff's travel near the defendant's business. *See id.* at 1327; *see also Silva v. Baptist Health S. Fla. Inc.*, 856 F.3d 824, 832 (11th Cir. 2017) ("In the ADA context, our standing inquiry has focused on the frequency of the plaintiff's visits to the defendant's business and the definitiveness of the plaintiff's plan to return."). "The Eleventh Circuit has explained, though, that these *Houston* factors are not exclusive, and no factor is dispositive." *Price v. Escalante-Black Diamond Golf Club, LLC*, 2019 WL 1905865, at *4 (M.D. Fla. Apr. 29, 2019) (citing *Houston*, 733 F.3d at 1337 n.6)).

Assuming these factors are even applicable considering the alleged barriers at issue appear online and not at a brick-and-mortar store, the Court is not convinced that they weigh in favor of finding that Plaintiff will suffer a future injury. While Plaintiff alleges that in February 2023 Plaintiff attempted on "a number of occasions to utilize the Website" (Doc. 1 at 6), the Court does not find that this statement adequately demonstrates past patronage of Defendant's business for standing purposes. It may, but with zero analysis of any authority dealing with standing and alleged barriers found online, the Court will not reach that conclusion.

Likewise, with respect to definiteness of plans to return, Plaintiff states that he "desires and intends, in the near future once the Website's access barriers are removed or remedied, to patronize Defendant's physical store and to use the Website, but he is presently unable to do so as he is unable to effectively communicate with Defendant due to his blindness and the Website's access barriers." *Id*. at 8. The Court, however, has found similar vague statements insufficient to establish a definite plan to return. *See e.g.*, *Longhini v. Lakeside Operating Partnership*, 2018 WL 4101003, at *3 (M.D. Fla. Aug. 3, 2018), *report and recommendation adopted by*, 2018 WL 4092117 (M.D. Fla. Aug. 28, 2018) (finding that the plaintiff's allegation that he intended to return to the hotel within four months to be insufficient) (citing *Brito W. Vine St. LLP*, 2018 WL 3361809, at *1 (M.D. Fla. July 10, 2018) (finding the plaintiff's statements that he plans to return to and visit the hotel properties and businesses regularly if they become accessible and definitely planned to do so within four months was insufficient). Perhaps "near future" plans to visit websites are treated differently, but with no discussion of the legal authority on the subject, the Court finds that Plaintiff has not established that it is likely an alleged future injury will be redressed by a favorable ruling.

Finally, the Court notes that Plaintiff makes several allegations regarding the Orlando area and Defendant's physical store—possibly to try and establish the frequency of Plaintiff's travel near Defendant's business. Namely, Plaintiff alleges that (1) his most recent trip to the Orlando area was in February 2023; (2) he intends to regularly visit the area, including making additional trips in late March and April 2023; (3) he "intended" to patronize Defendant's store "in the near future on his regular visits to the Orlando area"; and (4) he regularly travels to and stays with friends in the Orlando area. Doc. 1 at 2, 3. Plaintiff also mentions these allegations in the Motion. Doc. 28-1 at 4, 8. As such, Plaintiff implies that the physical store and his plans to travel to the

physical store or the nearby area are somehow relevant even though the alleged barrier is apparently on the Website.

So, perhaps Plaintiff claims there is a barrier within the physical location. Or perhaps Plaintiff is asserting that the *Houston* factors are significant given the alleged "nexus" between the Website and the physical store, and this is related to Plaintiff's "intangible barrier" argument discussed *infra*. Either way, Plaintiff has not provided the Court with any analysis on the physical store's relevance, if any, to the issue of standing and, therefore, the Motion is inadequate.[2]

In sum, if the Plaintiff has no standing, then the Court lacks jurisdiction to grant the requested relief. Plaintiff provides no memorandum of legal authority on the issue and, without more, the Court finds that Plaintiff has not satisfied his burden.

### b. Intangible Barriers

Assuming that standing exists and Plaintiff can get over the jurisdictional hurdle, the Motion still fails because Plaintiff has not sufficiently analyzed Defendant's liability. Plaintiff alleges that "Defendant is a public accommodation under the ADA and thus is subject to the ADA." Doc. 1 at 11. Plaintiff further claims that the Website is an "intangible service, privilege, and advantage of Defendant's brick-and-mortar store" and must comply with all ADA requirements. *Id*. at 5, 11. Title III provides that "[n]o individual shall be discriminated against

---

[2] Plaintiff is a resident somewhere in Miami-Dade County and Defendant's physical store is in Orlando, Florida. Doc. 1 at 1, 3. The two locations are more than 200 miles apart. If proximity to the physical store is pertinent in a website barrier case, it seems this factor weighs against Plaintiff. *See Price*, 2019 WL 1905865, at *6 (finding that the proximity of the business to the plaintiff's residence—more than 100 miles—weighed against there being an immediate risk of future injury). Also, as to past patronage, it appears that Plaintiff has never been to the physical store. *See id*. at 6. Plaintiff alleges that he "intended to patronize in the near future," which implies that he has not visited the brick-and-mortar store. *Id*. at 3. Accordingly, to the extent Plaintiff's past patronage to the physical store is significant, it seems that factor also weighs against Plaintiff.

on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). For purposes of this general discrimination prohibition, discrimination includes instances where a place of public accommodation "fail[s] to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." *See id.* § 12182(b)(2)(A)(iii). In *Rendon v. Valleycrest Productions, Ltd.*, the Eleventh Circuit held that the:

> plain and unambiguous statutory language . . . reveals that the definition of discrimination provided in Title III covers both tangible barriers, that is physical and architectural barriers that would prevent a disabled person from entering an accommodation's facilities and accessing its goods, services and privileges, *see* 42 U.S.C. § 12182(b)(2)(A)(iv), and *intangible barriers*, such as eligibility requirements and screening rules or discriminatory policies and procedures that restrict a disabled person's ability to enjoy the defendant entity's goods, services and privileges, *see* 42 U.S.C. § 12182(b)(2)(A)(i)-(ii).

294 F.3d 1279, 1283 (11th Cir. 2002) (emphasis added).

In the instant case, Plaintiff states that a company's website violates the ADA in situations where it serves as an "intangible barrier," yet Plaintiff does not explain how the Website at issue falls into that category. Instead, Plaintiff provides a string of citations to decisions—none by judges in this District—in which some courts have generally found that certain websites act as "intangible barriers." Doc. 28 at 11. Following the citation, Plaintiff summarily concludes:

> Similar to the websites that were at issue in *Flanigan's Enterprises, Coffee Beanery, Walters & Mason, Bruno Northfleet*, and *Mattress Xperts*, Defendant's Website, as established by the uncontested facts in the Complaint, acts as a point of sale for Defendant's products available in and from its physical store. (Complaint ¶¶12, 14, 15, 16, 25, and 49). The uncontested facts further demonstrate that Defendant's Website is inaccessible to blind and visually disabled individuals such

      as Plaintiff who must use screen reader software to successfully access and navigate the Website. (*Id*. at ¶¶ 19-22, 24, 26-33, 35-37).

Doc. 28 at 11-12. The facts may be uncontested due to default, but Plaintiff's conclusory statements and reliance on non-binding authority is not persuasive, and it does not convince the Court that Plaintiff has stated a claim upon which relief can be granted under the ADA.[3] In sum, Plaintiff attempt to leave it to the Court to draw similarities between cases from another district and the instant matter does not satisfy his burden.

    V.      **Conclusion**

Accordingly, Plaintiff's Motion (Doc. 28) is **DENIED without prejudice**.

**DONE AND ORDERED** in Orlando, Florida on November 22, 2023.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[3] This is especially true given recent decisions on the treatment of websites under Title III. Specifically, the Eleventh Circuit held that a website is not a "public accommodation" under the ADA and, therefore, the plaintiff's inability to access and communicate with the website itself did not violate Title III and, to the extent a website's inaccessibility may pose an "intangible barrier" to enjoyment of a public accommodation, a plaintiff must demonstrate that the website is "necessary" to "communicat[e] effectively with, or access[] services" offered in the "actual, physical space[]" of the public accommodation." *Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266, 1274, 1277 (11th Cir. 2021).[3] The Eleventh Circuit found that the website at issue in *Gil* was unlike the "intangible barrier" in *Rendon* and the plaintiff's inability to access the website did not violate Title III in this way. *Id*. at 1284. While the Eleventh Circuit vacated *Gil* because the injunction expired while the appeal was pending and the appeal was rendered moot (*Gil v. Winn-Dixie Stores, Inc.*, 21 F.4th 775, 776 (11th Cir. 2021), its discussion of *Rendon* as it related to the alleged "intangible barrier" at issue demonstrates the need for a proper analysis with legal support to justify finding that Defendant is a public accommodation and the Website is an "intangible barrier" even by default judgment.